UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL DEGILIO,** : | CIVIL ACTION NO. 3:22-cv-0652 |
| **Petitioner,** : | |
| v.  : | (JUDGE MANNION) |
| **MICHAEL S. GREEK, et al.,** : | |
| **Respondents.** : | |

## MEMORANDUM

Presently before the court is the October 31, 2023, report and recommendation of Chief Magistrate Judge Karoline Mehalchick.[1] (Doc. 9). Judge Mehalchick respectfully recommends that petitioner, Michael Degilio's, petition for habeas corpus be denied as untimely under the one-year limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and not subject to equitable tolling, and a certificate of appealability not be issued. Degilio filed a timely objection to the report arguing that Judge Mehalchick was correct in her untimeliness assessment as per AEDPA but not as per equitable tolling and asks this court to apply the doctrine of equitable tolling and reach the claims on the merits, or, failing

---

[1] Since the report and recommendation has been docketed, Chief Magistrate Judge Mehalchick has been confirmed as a United States District Judge for the Middle District of Pennsylvania.

to do so, issue a certificate of appealability. However, based on the court's review of the report as described below, the court will overrule Degilio's objections and adopt Judge Mehalchick's report and recommendation in its entirety.

**I. BACKGROUND**

Since the report correctly states the procedural and factual background of this case, (Doc. 9, pp. 1-4), it will not be repeated fully herein. In short petitioner, Michael Degilio, was convicted in 2009 of sexually assaulting a patient[2] that he was treating for severe depression and anxiety. During the patient's second appointment, Degilio directed her to sit beside him on the couch in his therapy room when he kissed her, both on the lips, and after pulling down her shirt and bra, upon her right breast. Subsequently, Degilio stood to face the seated patient, lowered his pants, placed the patient's right hand on his penis, and drew her head towards it directing her to perform oral sex. Within an hour after the assault, the patient informed her friend of the incident and, subsequently, the police.

The patient testified to the above before a jury and stated that at the time of the appointment, she was feeling confused and "zoned out" from

---

[2] Degilio was a licensed psychologist with a doctorate in clinical psychology.

taking her prescription medication of Klonopin. The Commonwealth of Pennsylvania proffered testimony of a board-certified psychiatrist, Dr. Ilan Levinson, who testified that the patient's daily dosage of eight milligrams of Klonopin was excessive and would have caused her to have symptoms of extreme confusion, delirium, fatigue, and gait impairment. In addition, Dr. Levinson explained that, when people suffering from depression – as the patient was – take a high dosage of Klonopin, they are extremely vulnerable and susceptible to manipulation by others.

On May 15, 2014, a jury convicted Degilio of involuntary deviant sexual assault—forcible compulsion, indecent assault—forcible compulsion, and indecent exposure. On November 17, 2014, the Superior Court of Pennsylvania sentenced Degilio to an aggregate term of incarceration of four to eight years followed by two years of probation, which was later affirmed. *See Commonwealth v. Degilio*, 239 A.3d 121 (Pa. Super. Ct. 2020); *Commonwealth v. Degilio*, No. 1422 EDA 2015, 2016 WL 4658975 (Pa. Super. Ct. June 29, 2016). On November 2, 2016, the Supreme Court of Pennsylvania denied allowance of appeal. *Commonwealth v. Degilio*, 160 A.3d 788 (2016).

On August 3, 2017, Degilio filed a counseled Post-Conviction Relief Act ("PCRA") petition, in which he alleged various claims of trial counsel's

ineffectiveness. *Degilio*, 239 A.3d 121. Following a hearing, such relief was denied. *Id.* Thereafter, Degilio filed a timely appeal. *Id.* On July 31, 2020, the Superior Court affirmed the denial of the PCRA petition. *Id.* Therefore, Degilio had until August 30, 2020, to file a petition for allowance of appeal.

Following the denial of his appeal to the Superior Court, Degilio's PCRA counsel informed Degilio by email that the Superior Court had denied the appeal. (Doc. 1-1, p. 2). The fee agreement between Degilio and PCRA counsel expressly indicated that PCRA counsel would represent Degilio before the Supreme Court of Pennsylvania if necessary. (Doc. 1-3, pp. 2-3). PCRA counsel asked Degilio whether he would like to pursue the petition for allowance of appeal, for which Degilio affirmed. (Doc. 1-1, p. 2). Yet, despite agreeing to file the petition for allowance of appeal, PCRA counsel did not file the petition on time. (*Id.*). The Superior Court docket indicates that PCRA counsel made two untimely efforts to file a petition for allowance of appeal on September 10, 2020, and September 11, 2020. (Doc. 1-4, p. 5). On June 12, 2021, nearly a year later, Degilio contacted PCRA counsel and asked about the status of his appeal. (Doc. 1-1, p. 2). Degilio was informed by his PCRA counsel that the petition for allowance of appeal had been filed but rejected due to some sort of failure to comply with the relevant court's technical requirements. (*Id.*).

Thereafter, Degilio retained new counsel to seek the reinstatements of his appellate rights. (Doc. 1, ¶¶13, 23). New counsel filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc* on June 21, 2021. (*Id.*, ¶¶13, 24). The Pennsylvania Supreme Court granted the petition. (*Id.*, ¶¶13, 25). However, on December 30, 2021, the Pennsylvania Supreme Court denied Degilio's petition for allowance of appeal. *Commonwealth v. Degilio*, 270 A.3d 431 (Pa. 2021).

On May 4, 2022, Degilio commenced the present action before this court, (Doc. 1), presenting the following grounds for relief:

1) The rulings and decision of the state courts, including the Pennsylvania Superior Court, violated due process by convicting Degilio without sufficient evidence that he committed a crime;

2) Ineffective assistance of trial and appellate counsel in failing to object to the improper expert testimony and bolstering from Dr. Levinson; and

3) Ineffective assistance of trial and appellate counsel in failing to object to the admission of Degilio's statements to police under the *corpus delicti* doctrine.[3]

---

[3] Pennsylvania's *corpus delicti* rule holds that a defendant may not be convicted based on his confession alone. *Johnston v. Houser*, 2022 WL

*(footnote continued on next page)*

On September 1, 2022, Respondents filed a response. (Doc. 8). On October 31, 2023, Judge Mehalchick submitted a report and recommendation, recommending dismissal and a denial of a certificate of appealability. (Doc. 9). Degilio filed an objection thereto on November 13, 2023. (Doc. 10).

## II. LEGAL STANDARD

### A. Reports and Recommendations of Magistrate Judges

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

---

14068832 at *4 (M.D. Pa. Oct. 24, 2022), sub nom. *Johnston v. Superintendent Benner Twp. SCI*, 2023 WL 3434742 (3d Cir. Feb. 7, 2023), and certificate of appealability denied sub nom. *Johnston v. Superintendent Benner Twp. SCI*, 2024 WL 1014151 (3d Cir. Jan. 19, 2024) (citing *Commonwealth v. Reyes*, 582 Pa. 317, 870 (Pa. 2005)). The rule requires that the *corpus delicti*—i.e., the fact that a loss or injury has occurred as a result of the defendant's alleged criminal conduct—be proven before the factfinder may consider evidence of the defendant's confession or admitted statements. *Id.*

**B. State Prisoner Habeas Relief**

A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez,* 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver,* 288 F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Section 2254 also mandates that federal court show deference to the factual findings and legal rulings made by state courts in the course of state criminal proceedings. With respect to legal rulings by state courts, under §2254(d), habeas relief is not available to a petitioner for any claim that has been adjudicated on its merits in the state courts unless it can be shown that the decision was either: (1) "contrary to" or involved an unreasonable application of clearly established case law; *see* 28 U.S.C. §2254(d)(l); or (2)

was "based upon an unreasonable determination of the facts," *see* 28 U.S.C. §2254(d)(2).

### III. DISCUSSION

Judge Mehalchick found, and this court agrees, that Degilio's petition is untimely under AEDPA and his attempt to appeal the dismissal of his PCRA petition did not toll the AEDPA's one-year statute of limitations. (Doc. 8, p. 12; Doc. 9, p. 7). Degilio admits to this procedural defect in his objection.[4] (Doc. 10 at 1). Rather, Degilio argues that the court should apply the equitable tolling doctrine and disregard Judge Mehalchick's recommendation against it. In the alternative, Degilio argues that the court should issue him a certificate of appealability, disregarding Judge Mehalchick's recommendation. The court will address both arguments in turn.

### A. Equitable Tolling Analysis

The AEDPA's statute of limitations is subject to equitable tolling. *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 272 (3d Cir. 2022), cert. denied sub nom. *Martin v. Johnson*, 143 S. Ct. 257 (2022) (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)). Application of this doctrine, however,

---

[4] Given this admission, the court will forego the statutory tolling analysis of AEDPA.

should be "sparing," occurring "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis. *Id.* (alteration in original) (quoting *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005)). To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his §2254 petition. *Holland*, 560 U.S. at 649 (citation omitted). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Id.* at 653 (citation omitted); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). The extraordinary circumstance, or circumstances, must be "beyond [the petitioner's] control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 & n.2 (2016). Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012). As found by Judge Mehalchick, Degilio has not made this difficult showing.

As to the first demand, Degilio's petition did not show that he diligently pursued his rights. Judge Mehalchick provided two examples of such ((1) Degilio's unexplained five months delay in filing his §2254 petition after Pennsylvania Supreme Court denied his allocator on December 30, 2021;

and (2) Degilio's unexplained omission to file a protective habeas corpus petition in federal court upon learning that his untimely petition for allowance of appeal would not be accepted by the Pennsylvania Supreme Court[5]), to which Degilio did not address in his objection. Instead, Degilio reaffirmed his prior made petition points in near conclusory fashion. This court is not persuaded. And to add another example of Degilio's lack of diligent efforts, Degilio waited nearly a year after his deadline to file a petition for allowance of appeal (August 30, 2020) to ask his attorney about the status of that appeal (June 12, 2021). (Doc. 1-1, p. 2); see Martin, 23 F.4th at 274 ("We proffer no bright line rule as to how long is too long to be considered "reasonable diligence" in following up on whether a state PCR appeal was filed. However, in [Petitioner]'s case, waiting nine months to first inquire as to the status of his appeal—after only having been "promise[d]," "at the conclusion of [his] hearing," [ ] that an appeal would be filed and never having reached out to any source, his then-counsel or otherwise, during those nine

---

[5] *See Aptiliasimov v. Warden SCI-Coal Twp.*, 2022 WL 1289313, at *4 (M.D. Pa. Apr. 29, 2022) (For the equitable tolling analysis, not filing a protective habeas corpus petition in federal court upon learning of your untimely petition for allowance of appeal would not be accepted by the Pennsylvania Supreme Court "is especially relevant because … it is firmly established that the AEDPA's statute of limitations is not tolled while seeking *certiorari* for denial of a state PCRA petition.") (Citing *Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007)).

months to confirm that an appeal in fact had been filed—suggests that he was "sleeping on his rights.") (Citing *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012)).

As to the second demand,[6] Degilio has not established an extraordinary circumstance that prevented him from filing his §2254 petition in a timely manner. As Judge Mehalchick has thoroughly explained, Degilio's argument that his attorney "promised to file for allocator"[7] but failed without informing him, while error indeed, is insufficient to rise to the level of "egregious attorney neglect" or misconduct that has been found to establish extraordinary circumstances for equitable tolling. *See Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Plus, Judge Mehalchick correctly pointed out that such an error, even assuming *arguendo* that it qualifies as an extraordinary circumstance, still does not show how it prevented Degilio from "filing a habeas petition for the *entirety* of the period for which he has sought tolling." *See Wallace v. Mahanoy*, 2 F.4th 133, 148

---

[6] Which the court need not necessarily reach given Petitioner's failure to meet the first required element. *See Sistrunk*, 674 F.3d at 190.

[7] (Doc. 1., ¶31)

(3d Cir. 2021) (emphasis added); *see also Ross*, 712 F.3d at 803 ("for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances that he faced and the petitioner's failure to file a timely federal petition."). Not only was there no such showing but this raised point by Judge Mehalchick also went equally unaddressed in Degilio's objection. Accordingly, the court finds that equitable tolling will not save Mr. Degilio from his untimely §2254 petition.

**B. Certificate of Appealability**

Because this court will deny Degilio's §2254 petition, this decision will not be appealable unless this court or a circuit justice issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." *Id.* §2253(c)(2). To satisfy this standard, Degilio must demonstrate that reasonable jurists would find that this court's procedural ruling is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). This court agrees with Judge Mehalchick in finding that Mr. Degilio has not met this burden, and therefore declines to issue a certificate of appealability.

## IV. CONCLUSION

Based on the foregoing, Degilio's objection (Doc. 10) will be overruled, Judge Mehalchick's report and recommendation (Doc. 9) will be adopted in its entirety. Judge Mehalchick's findings of fact and conclusions of law are correct. Degilio's petition for habeas corpus (Doc. 1) will be dismissed with prejudice, a certificate of appealability will not be issued, and the Clerk of Court will be directed to close this case.

An appropriate Order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 30, 2024**
22-00652-01